Michael S. Agruss (SBN: 259567)
Todd M. Friedman (SBN: 216752)
Ryan Lee (SBN: 235879)
Nick Bontrager, Esq. (SBN: 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025
Tel: (323) 988-2400 x235
Fax: (866) 802-0021
magruss@consumerlawcenter.com
Attorneys for Plaintiff.
BRIANA SKUCIUS

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| BRIANA SKUCIUS,<br><br>         Plaintiff,<br><br>    v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>         Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**DEMAND DOES NOT EXCEED $10,000**<br><br>**(Unlawful Debt Collection Practices)** |

### PLAINTIFF'S COMPLAINT

BRIANA SKUCIUS (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in Houston, Harris County, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see call log attached as Exhibit A; see Plaintiff's roommate's e-mail attached as Exhibit B).

12. Defendant called Plaintiff and often times hung up without leaving a message and/or before anyone answered the phone

13. Defendant failed to send Plaintiff a debt validation letter.

14. Defendant threatened to file a lawsuit against Plaintiff, but has not done so.

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity because Defendant called Plaintiff and often times hung up before Plaintiff or her voicemail answered the phone.

   c. Defendant violated *§1692e(5)* of the FDCPA threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

   d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff when Defendant did not intend to do so.

   e. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will

be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

16. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit C).

WHEREFORE, Plaintiff, BRIANA SKUCIUS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

17. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

18. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Actual damages,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRIANA SKUCIUS, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: January 19, 2009             KROHN & MOSS, LTD.


By: /s/ Michael S. Agruss

Michael S. Agruss
Attorney for Plaintiff

- 4 -

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, BRIANA SKUCIUS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRIANA SKUCIUS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-15-09

BRIANA SKUCIUS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

PLAINTIFF'S COMPLAINT

## **BRIANA SKUCIUS CALL LOG**

Dec. 6,2008 4:03 pm 408-538-5102
Dec. 5,2008 9:27 am 253-248-6406
Dec. 5,2008 8:49 pm 253-248-6406
Dec. 5,2008 7:42 pm 253-248-6406
Dec. 5,2008 7:04 pm 235-248-6406
Dec. 4,2008 7:46 pm 408-538-5102
Dec. 4,2008 8:28 am 877-337-2418
Dec. 3,2008 8:01 pm 909-202-8200
Dec. 3,2008 6:57 pm 909-202-8200
Dec. 3,2008 5:16 pm 909-202-8200
Dec. 3,2008 12:44pm 513-201-6303
Dec. 3,2008 10:48am 513-201-6303

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

PLAINTIFF'S COMPLAINT

The individual I spoke with had expressed to me that they were able to call all they wanted and that there was nothing we could do about it, now I expressed they were harassing her and they were not to call again that nite wich they did a few more times that evening. Now I want to say that I grabbed the phone from Briana and interupted the conversation only after seeing her so upset and not able to talk with this individual anymore, she became stressed and wanted cry.

   Thhe dates of these calls were made between the dates of Nov 12 thru the 19th, now u can use this for court purposes and i will make any statements on this matter. Please feel free to contact me if you have any questions and i will be happy to answer then to my best of ability.

Thank you,
Jeff Hill

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | |
|---|---|---|
| 1. Sleeplessness | **YES** | NO |
| 2. Fear of answering the telephone | YES | NO |
| 3. Nervousness | YES | NO |
| 4. Fear of answering the door | YES | NO |
| 5. Embarrassment when speaking with family or friends | YES | NO |
| 6. Depressions (sad, anxious, or "empty" moods) | YES | NO |
| 7. Chest pains | YES | NO |
| 8. Feelings of hopelessness, pessimism | YES | NO |
| 9. Feelings of guilt, worthlessness, helplessness | YES | NO |
| 10. Appetite and/or weight loss or overeating and weight gain | YES | NO |
| 11. Thoughts of death, suicide or suicide attempts | YES | **NO** |
| 12. Restlessness or irritability | YES | NO |
| 13. Headache, nausea, chronic pain or fatigue | YES | NO |
| 14. Negative impact on my job | YES | NO |
| 15. Negative impact on my relationships | YES | NO |

Other physical or emotional symptoms you believe are associated with debt collection activities: _____

_____

_____

_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

B. Skircius